UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEBRA M. HOLWERDA,      )
         )
     Plaintiff,    )     Case No. 1:10-cv-46
         )
v.         )     Honorable Paul L. Maloney
         )
WARNER LAW FIRM,      )
         )     **REPORT AND RECOMMENDATION**
     Defendant.    )
_____)

This is a civil action brought by a *pro se* plaintiff. The only identified defendant is the Warner Law Firm, based in Troy, Michigan. The sole basis for federal court jurisdiction is alleged to be the Fair Credit Reporting Act. For relief, plaintiff asks that an unidentified lien be removed from her property and that the Warner Law Firm "or the current owner of the paperwork" be held responsible for reimbursement of fees and court costs as well as for unspecified damage caused to plaintiff's house.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section

1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555; *see Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1876 (2008). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,'. . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008); *see In re Travel Agent Commission Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009).

## Discussion

Plaintiff's complaint is a stream of consciousness narrative of events that fails to state any recognizable claim against defendant, the Warner Law Firm. Although plaintiff invokes the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, her allegations fail to demonstrate any arguable violation of that Act by the Warner Law Firm. Plaintiff launches into a detailed story about the repossession of a 1999 Ford van in 2002, but does not relate this event in any way to the Fair Credit Reporting Act. Plaintiff nevertheless requests a stay on any efforts to collect on the deficiency generated by the repossession of her van, without presenting any basis in federal law for that relief.

Plaintiff also complains about a Verizon bill, as well as her desperate financial situation and the lack of any federal help for her. These allegations likewise fail to implicate the only named defendant, the Warner Law Firm, in any wrongdoing.

The complaint, to the extent that it is intelligible, does not set forth a facially plausible claim against the Warner Law Firm under any federal theory. The complaint is therefore subject to dismissal for failure to state a claim upon which relief can be granted.

## Recommended Disposition

I recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted under any federal theory of recovery. I further recommend that any pendent state-law claim be dismissed without prejudice.

Dated: January 29, 2010            /s/ Joseph G. Scoville
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).