UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
|
|
DEBRA M. HOLWERDA, | Case No. 1:10-cv-46
|
    Plaintiff, | HONORABLE PAUL L. MALONEY
|
    v. | Magistrate Judge Joseph G. Scoville
|
WARNER LAW FIRM, |
|
    Defendant. |
|
_____

# OPINION and ORDER

**Adopting the R&R without Objection;
Dismissing Complaint for Failure to State a Claim under Fair Credit Reporting Act;
Declining Supplemental Jurisdiction over Any State-Law Claims;
Terminating and Closing the Case**

On February 23, 2010, Debra M. Holwerda filed a document entitled "Statement and Proposal", which the court has treated as a complaint. In its entirety, the complaint states as follows:

> It's illegal to write something off (I'm not sure if this falls under dbl. Jeopardy). This is a federal law. Also, additions to my credit report and failures to update employment records are contrary to or not in accordance with the Fair Credit Reporting Act. To re-list debts at a later date as a deficiency balance: what they are claiming they are retrieving is not a defici[en]cy balance.
>
> The original cost of the car (a black Ford 99 Winstar, a used car[)], was $13,995.00. I paid a $1,000.00 down payment which let a balance of $12,995.00. My car was repossessed without consent in 6-02. I was six weeks behind in payments. The car was auctioned and I was not "formally" informed the defici[en]cy balance. The amount brought before county court (in Lake Co) was at blue book value at the time of repo. I checked online so I could sell the car and discharge the loan. The $18,000 has nothing to do with the actual transaction. My payments were 395.00 per month which were paid in full until May of 02. I received no credit for any payments, the

auction amount and my entire loan amount was discharged on my credit report. I'm assuming the cost of the car was recovered already for this to have happened. They carried this all through court with papers they said they could not produce. This was a law firm called Warner Law Firm, P.O. Box . . . .

In correspond[e]nce, I was never provided a physical address but a demand for $100.00 payment toward a lien granted in September, but was not specified as a lien, and accompanied by writ for garnishment which was threatened if I got a job. I received paperwork for the lien granted in September in November.

I have also received a generic demand for money from a Hirschberg Acceptance for an unspecified amount of money – This was in January of this year. When looking up "defici[en]cy amounts", it states all of this is illegal (as per ref[e]rences provided by the court). Warner Law Firm is to claim [sic] over $21,000.00 as a lien plus interest to discharge a "defici[en]cy balance["] on a used car.

I am requesting at this time a stay on any payments, sale, garnishment etc. until such a time that all of this can be rightfully solved.

(1)   a doctor's record that doesn't exist but they have $495.00 on my credit report;

(2)   Verizon: I, by State of Michigan law, paid my bill in full. It was $65.00. I also gave them my attorney's name as required by law. Within three months, ignoring state law, they added $1,200.00 to my bill in fees and services. They then added this to the write off on my credit telling me I had to have a subp[oe]na to have access to the bill. It must be someone else[']s bill. According to state law no fees, charges, inte[r]est or collection fees should have been added to the origin[al] $65.00 paid in full.

(3)   $1,700.00 was charged to my credit report [sic] and paid for by a loan paid for by a joint mortgage in the names of Debra M Holwerda and Thomas J Holwerda. This amount was under a Social Security Number of someone deceased. They removed it from my credit report but I received <u>no</u> compensation for this amount or inte[r]est paid on a 30m year mortgage. It may not seem like a lot, but hold $1,700.00 for the life of a mortgage. (7.75%).

If this court can't at least begin to set things right, I['m] not sure who can.

I had had permission to address this in National Arbitration by the representative for Warner Law, but the Lake Co court decided to push it through court anyway. In conclusion, I would be satisfied with the lien removed and that my balance be brought to .00. Also, that Warner Law Firm or the current owner of the paperwork

> be held responsible for fees, courts costs, etc., that were charged to me concurrently [sic].
>
> The damages caused to my home: well problems, the damage done to plumbing and any other physical damage [which] may lay elsewhere. (They arrested a real estate agent.) I may need more information.

Doc 1 at 1-4 (some paragraph breaks and formatting added). Holwerda goes on to ask for subpoenas, permission for video testimony by those who cannot appear, *id.* at 4, and provides some details about her family, expresses her desire to obtain some TARP "stimulus" or "bailout" funds from the federal government, recounts economic and personal difficulties in her life, states that she is not qualified for Social Security, and explains that she tries to find employment when she can but is thwarted by age discrimination and the lack of adequate transportation, *id.* at 5-6. Finally, Holwerda concludes by claiming

> I am being manipulated into paying my inher[i]tance. The US Marshal who came to my house said he didn't understand why they were dong this. He has seen a lot of cases along the way. If he doesn't understand maybe you can help.

Comp at 6.


Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who granted Holwerda *in fora pauperis* status on January 21, 2010 (Doc #3). On January 29, 2010, the Magistrate issued a Report and Recommendation ("R&R") recommending that Holwerda's complaint be dismissed for failure to state a claim on which relief could be granted, as required by 28 U.S.C. § 1915(e)(2). The Magistrate appropriately reasoned as follows:

> Plaintiff's complaint is a stream of consciousness narrative of events that fails to state any recognizable claim against defendant, the Warner Law Firm. Although the plaintiff invokes the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, her

> allegations fail to demonstrate any arguable violation of that Act by the Warner Law firm. Plaintiff launches into a detailed story about the repossession of a 1999 van in 2002, but does not relate this event in any way to the Fair Credit Reporting Act. Plaintiff nevertheless requests a stay on any efforts to collect on the deficiency generated by the repossession of her van, without presenting any basis in federal law for that relief.
>
> Plaintiff also complains about a Verizon bill, as well as her desperate situation and the lack of any federal help for her. These allegations likewise fail to implicate the only named Defendant, the Warner Law firm, in any wrongdoing.
>
> The complaint, to the extent that it is intelligible, does not set forth a facially plausible against the Warner Law Firm under any theory.

Doc 4 (R&R) at 3-4.

"Both the Federal Rules of Civil Procedure and the Federal Magistrates Act were amended effective December 1, 2009 to simplify the calculation of time periods." *Esch v. Soc. Sec. Admin.*, 2010 WL 432265, *1 n .1 (W.D. Mich. Jan. 25, 2010) (Maloney, C.J.) (citing PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608). A party now has fourteen days to file objections after being served with an R&R, instead of ten, *see Esch*, 2010 WL 432265 at *1 n.1 (citing FED. R. CIV. P. 6(a)(1)(A)).

The Clerk's Office sent the R&R to Holwerda's address of record, by regular first-class mail, on Monday, February 1, 2010. Although the Kalamazoo federal courthouse (49007) is only 159 miles by motor vehicle from Holwerda's address in Irons, Michigan (49644), *see* http://www.mapquest.com/maps, the court charitably assumes that she did not receive the R&R until Thursday, February 5, 2010. In computing any period of time specified by the Federal Rules of Civil Procedure, a statute, a court order, or our local rules, the court excludes the day of the act or event from which the period begins to run. *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing FED. R. CIV. P. 6(a)). Thus, the fourteen-day

4

objection period began on Friday, February 5, 2010, the day *after* Holwerda received the R&R in the mail.

FED. R. CIV. P. 6 alone, then, yields an objection deadline of Thursday, February 18, 2010. Adding three U.S. Postal Service business-days for mailing – Holwerda's objections sent by paper mail were due to arrive here by 5:00 p.m. on Monday, February 22, 2010. That deadline has passed, and the court need not wait further for an objection from the plaintiff.

> As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),
>
>> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-

5

dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

Indeed, at least one Sixth Circuit panel has held that *de novo* review of an R&R in the absence of proper objection is not only unnecessary but also *inappropriate*. *See Curry v. City of Mansfield, Ohio / Wastewater Treatment Plant*, 201 F.3d 440, 1999 WL 1206227, *1 (6th Cir. Dec. 8, 1999) (p.c.) (Ryan, Suhrheinrich, Chief D.J. Bell) (faced with unavailing general objections, "[t]he district court's *sua sponte de novo* review duplicated the work of the Magistrate, contravening the purposes of the Magistrate's Act . . . . To permit an appeal would violate this court's clearly established waiver rule and would further frustrate the purpose of the Federal Magistrate's Act."), *cited by Marr v. Foy*, – F. Supp.2d –, 2010 WL 489535 (W.D. Mich. Feb. 4, 2010) (Maloney, C.J.).[1]

---

[1]

As the Supreme Court has said,

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." *Thomas*, 474 U.S. at 150. *See also Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .").

Accordingly, judges in our district consistently adopt R&Rs without additional analysis where the parties have not timely and specifically objected. *See, e.g.,*

*Stevenson v. Pramsteller*, 2009 WL 1883878 (W.D. Mich. June 30, 2009) (Bell, J.)

In any event, the court determines that for the reasons explained by the R&R, Holwerda has failed to state a claim on which relief could be granted under the FCRA, and she has failed to assert any other claim which could support federal-question jurisdiction under 28 U.S.C. § 1331.[2]

**ORDER**

Accordingly, the R&R **[document # 4] is ADOPTED** without objection.

---

*Banks v. Davis*, 2009 WL 1874093 (W.D. Mich. June 26, 2009)   (Quist, J.)
*Martin v. Smith*, 2008 WL 4151352 (W.D. Mich. Sept. 3, 2008)   (Enslen, J.)
*US v. Bale*, 2008 WL 4534420 (W.D. Mich. Oct. 2, 2008)   (Edgar, J.)
*Lee v. Caruso*, 2008 WL 2859212 (W.D. Mich. July 22, 2008)   (Miles, J.)
*Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007)   (Maloney, J.)
*US v. Hart*, 2005 WL 1308199 (W.D. Mich. June 1, 2005)   (McKeague, J.)
*US v. Corradini*, 1994 WL 447174 (W.D. Mich. Jan. 25, 1994)   (Gibson, C.J.)
*Gill v. HHS*, 1985 WL 71797 (W.D. Mich. Feb. 27, 1985)   (Suhrheinrich, J.).

Adoption of uncontested R&Rs without discussion is common throughout our circuit, *e.g.:*

*Allen v. Hudson*, 2009 WL 1649312 (N.D. Ohio June 10, 2009)   (Lioi, J.)
*Schlatter v. Jeffries*, 2009 WL 73736 (N.D. Ohio Jan. 8, 2009)   (Aldrich, J.)
*US v. Josic*, 2008 WL 5234386 (N.D. Ohio Dec. 12, 2008)   (Boyko, J.)
*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007)   (Nugent, J.)
*Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006)   (Zouhary, J.)
*Lee v. Ford Cmty. Coll.*, 2010 WL 199952, *1 (E.D. Mich. Jan. 12, 2010) (Lawson, J.)
*Bradberry v. Astrue*, 2009 WL 2027111 (M.D. Tenn. July 8, 2009)   (Wiseman, J.)
*Winston v. Cargill, Inc.*, 2009 WL 1748728 (W.D. Tenn. June 19, 2009)   (Anderson, J.)
*Rose v. Mattrixx Init., Inc.*, 2009 WL 902311 (W.D. Tenn. Mar. 31, 2009) (McCalla, J.)
*Young v. Simpson*, 2009 WL 798787 (E.D. Ky. Mar. 24, 2009)   (Coffman, J.).

[2] Holwerda's complaint does not allege the state of incorporation or principal place of business of the defendant Warner Law firm, nor does she specifically seek monetary relief beyond about $450, whereas diversity jurisdiction requires $75,000 in controversy exclusive of interests, fees, costs, and amount sought by any non-compulsory counterclaims. Therefore, the court cannot ascertain whether there is diversity of citizenship as required for jurisdiction under 28 U.S.C. § 1332. Even if there were diversity jurisdiction, that would not change the court's decision to decline supplemental jurisdiction over state-law claims.

Pursuant to FED. R. CIV. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2), the federal Fair Credit Reporting Act claim is **DISMISSED** for failure to state a claim on which relief could be granted.

Per 28 U.S.C. § 1367, the court **declines supplemental jurisdiction** over state-law claims.

The separate judgment required by FED. R. CIV. P. 58 will issue contemporaneously.

This case is **TERMINATED** and **CLOSED**.

**This order is final, but not appealable.** *Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (all citing *Thomas* and *Walters*).[3]

**IT IS SO ORDERED this   22nd   day of February 2010**.

/s/Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3]

*See Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default."); *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence."); *Adkins v. UMWA*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing, *inter alia*, *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).